CLOSED

# U.S. District Court
## Western District of Pennsylvania (Johnstown)
## CRIMINAL DOCKET FOR CASE #: 3:97-cr-00012-JFC-ALL
### Internal Use Only

*06 - PT - 334*

Case title: USA v. DOVE, et al                    Date Filed: 09/16/1997

**FILED**

Assigned to: Judge Joy Flowers Conti

MAR - 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Defendant**

**LEE LEE DOVE (1)**
*TERMINATED: 04/21/1998*

represented by **William J. McCabe**
DeBernardo, Antoniono, McCabe &
Davies
11 North Main Street
Greensburg, PA 15601
(724) 836-0700
Email: bmccabe@damdpc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

**Disposition**

Imprisonment for a total term of 42
months. This term consists of terms of
42 months on each of Counts 1 and 4, to
run concurrently. The defendant is
remanded to the custody of the United
States Marshal. Supervised Release for
a term of 5 years with standard
conditions of supervision. This term
consists of terms of 5 years on each of
Counts 1 and 4, to run concurrently.
The defendant shall report to the
probation office in the district to which
the defendant is released within 72
hours of releas e from the custody of the
Bureau of Prisons. The defendant shall
not commit another federal, state, or
local crime. The defendant shall not
illegally possess a controlled substance.
The defendant shall refrain from any
unlawful use of a controlled su bstance.
The defendant shall submit to one drug
test within 15 days of release from



CERTIFIED FROM THE RECORD
MAR - 7 2006
Date
ROBERT V. BARTH, JR., CLERK
By
Deputy Clerk

21:846=CD.F CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE- CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE IN EXCESS OF 5 GRAMS OF COCAINE BASE.
(1)

imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer. The defendant shall not possess a firearm as defined in 18 U.S.C. 921. The defendant shall not possess any controlled substance of any kind other than those prescribed for him by a licensed physician for a legitimate purpose. The defendant shall participate in a drug aftercare treatment program under a co-payment p lan which may include urine testing at the direction and discretion of the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall submit to one drug urinalysis within 15 days aft er being placed on supervision and at least two periodic tests thereafter. Further, the defendant shall be required to contribute to the cost of services for any such treatment not to exceed an amount determined reasonable by the probation officer&#0 39;s sliding scale for substance abuse treatment services. Special Assessment of $200.00 to be paid in full immediately. No fine. JUDGMENT ON SUPERVISED RELEASE: Imprisonment for a total term of six (6) months. Court makes the following recommen dations to the Bureau of Prisons: Recommends defendant gets credit for one month served. Placed in prison close to family. Defendant is remanded to the custody of the U.S. Marshal. Supervised Release for a term of two (2) years with standard and spec ial conditions of supervision; as more fully stated in said judgment. Special Assessment of $100.00.

Imprisonment for a total term of 42 months. This term consists of terms of 42 months on each of Counts 1 and 4, to run concurrently. The defendant is remanded to the custody of the United States Marshal. Supervised Release for a term of 5 years with standard conditions of supervision. This term consists of terms of 5 years on each of

21:841B=CP.F - CONTROLLED
SUBSTANCE - POSSESSION -
POSSESSION WITH INTENT TO
DISTRIBUTE IN EXCESS OF 5
GRAMS OF COCAINE BASE.
(4)

Counts 1 and 4, to run concurrently.
The defendant shall report to the
probation office in the district to which
the defendant is released within 72
hours of releas e from the custody of the
Bureau of Prisons. The defendant shall
not commit another federal, state, or
local crime. The defendant shall not
illegally possess a controlled substance.
The defendant shall refrain from any
unlawful use of a controlled su bstance.
The defendant shall submit to one drug
test within 15 days of release from
imprisonment and at least two periodic
drug tests thereafter, as directed by the
probation officer. The defendant shall
not possess a firearm as defined in 18
U.S.C. 921. The defendant shall not
possess any controlled substance of any
kind other than those prescribed for him
by a licensed physician for a legitimate
purpose. The defendant shall participate
in a drug aftercare treatment program
under a co-payment p lan which may
include urine testing at the direction and
discretion of the probation officer, until
such time as the defendant is released
from the program by the probation
officer. The defendant shall submit to
one drug urinalysis within 15 days aft er
being placed on supervision and at least
two periodic tests thereafter. Further,
the defendant shall be required to
contribute to the cost of services for any
such treatment not to exceed an amount
determined reasonable by the probation
officer&#0 39;s sliding scale for
substance abuse treatment services.
Special Assessment of $200.00 to be
paid in full immediately. No fine.
JUDGMENT ON SUPERVISED
RELEASE: Imprisonment for a total
term of six (6) months. Court makes the
following recommen dations to the
Bureau of Prisons: Recommends
defendant gets credit for one month
served. Placed in prison close to family.
Defendant is remanded to the custody
of the U.S. Marshal. Supervised Release
for a term of two (2) years with

standard and spec ial conditions of supervision; as more fully stated in said judgment. Special Assessment of $100.00.

## Highest Offense Level (Opening)

Felony

## Terminated Counts                                        Disposition

None

## Highest Offense Level (Terminated)

None

## Complaints                                               Disposition

None

Assigned to: Judge Joy Flowers Conti

## Defendant

**LEON MASSEY** (2)                represented by  **Marketa Sims**
*TERMINATED: 04/21/1998*                          Federal Public Defender's Office
                                                  1001 Liberty Avenue
                                                  1450 Liberty Center
                                                  Pittsburgh, PA 15222-3716
                                                  (412) 644-6565
                                                  Email: marketa_sims@fd.org
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*
                                                  *Designation: Public Defender or*
                                                  *Community Defender Appointment*

## Pending Counts                                           ## Disposition

Imprisonment for a total term of 92 months. This sentence is to be served concurrently with the sentence imposed by the Court of Common Pleas of Cambria County, Pennsylvania in August of 1997, and concurrency shall commence as of the effective date o f the state court sentence. The court makes the following recommendations to the Bureau of Prisons: That it make available to the defendant any and all drug treatment programs. The State

21:846=CD.F CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE- CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE IN EXCESS OF 5 GRAMS OF COCAINE BASE.
(1)

Correctional Institution in Pittsburgh, Pennsylvania, is hereby recommended as the designated place of confinement for service of the concurrent portion of the instant sentence. The defendant is remanded to the custody of the United States Marshal. Supervised Release for a term of 4 years with standard condition s of supervision. The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or lo cal crime. The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at l east two periodic drug tests thereafter, as directed by the probation officer. The defendant shall not possess a firearm as defined in 18 U.S.C. 921. The defendant shall not possess any controlled substance of any kind other than those prescribed for him by a licensed physician for a legitimate medical purpose. The defendant shall participate in a program of testing, and if necessary, treatment for substance abuse, as directed by the probation officer, until such time as the defendant is release d from the program by the probation officer. The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter. Further, the defendant shall be required to contribute to the costs for any such treatment not to exceed an amount determined reasonable by the probation officer's sliding scale for substance abuse treatment services. Special Assessment of $100.00 to be paid in full immediately. No fine.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                    **Disposition**
None

**Highest Offense Level (Terminated)**
None

**Complaints**                                            **Disposition**
None

Assigned to: Judge Joy Flowers Conti

**Defendant**

**TYRAIL MICHAELS** (3)               represented by   **Michael A. Filia**
*TERMINATED: 04/21/1998*                              132 Gazebo Park
*also known as*                                       Johnstown, PA 15901
"TA TA" (3)                                           (814) 539-5892
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Michael A. Filia**
                                                      Ayres, Ayres & Fleming
                                                      132 Gazebo Park
                                                      Johnstown, PA 15901
                                                      (814) 539-5892
                                                      Firm: (814) 535-8646
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: CJA Appointment*

**Pending Counts**                                    **Disposition**

                                                      Imprisonment for a total term of 42
                                                      months. This term consists of terms of
                                                      42 months on each of Counts 1,2,3, and
                                                      5 to be served concurrently, for a total
                                                      term of 42 months. The defendant is
                                                      remanded to the custody of the United
                                                      States Marshal. Super vised Release for
                                                      a term of 5 years with standard
                                                      conditions of supervision. This term
                                                      consists of 5 years on each of Counts
                                                      1,2,3, and 5, all such terms to run
                                                      concurrently. The defendant shall report
                                                      to the probation office in the district to
                                                      which the defendant is released within

21:846=CD.F CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE: CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE IN EXCESS OF 5 GRAMS OF COCAINE BASE.
(1)

72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance. The defendant sh all refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer. The defendant shall not possess a firearm as defined in 18 U.S.C. 921. The defendant shall not possess any controlled substance of any kind other than those prescribed for him by a licensed physician for a legitimate medical purpose. The defendant shall participat e in a program of testing, and if necessary, treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall submit to one drug urinalysi s within 15 days after being placed on supervision and at least two periodic tests thereafter. Further, the defendant shall be required to contribute to the costs for any such treatment not to exceed an amount determined reasonable by the probation o fficer's sliding scale for substance abuse treatment services. Special Assessment of $400.00 to be paid in full immediately. No fine.

Imprisonment for a total term of 42 months. This term consists of terms of 42 months on each of Counts 1,2,3, and 5 to be served concurrently, for a total term of 42 months. The defendant is remanded to the custody of the United States Marshal. Super vised Release for a term of 5 years with standard conditions of supervision. This term consists of 5 years on each of Counts 1,2,3, and 5, all such terms to run concurrently. The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of

21:841A=CD.F-CONTROLLED SUBSTANCE - SELL, DISTRIBUTE, OR DISPENSE- POSSESSION WITH INTENT TO DISTRIBUTE AND DISTRIBUTION OF LESS THAN 5 GRAMS OF COCAINE BASE. (2-3)

the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance. The defendant sh all refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer. The defendant shall not possess a firearm as defined in 18 U.S.C. 921. The defendant shall not possess any controlled substance of any kind other than those prescribed for him by a licensed physician for a legitimate medical purpose. The defendant shall participat e in a program of testing, and if necessary, treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall submit to one drug urinalysi s within 15 days after being placed on supervision and at least two periodic tests thereafter. Further, the defendant shall be required to contribute to the costs for any such treatment not to exceed an amount determined reasonable by the probation o fficer's sliding scale for substance abuse treatment services. Special Assessment of $400.00 to be paid in full immediately. No fine.

Imprisonment for a total term of 42 months. This term consists of terms of 42 months on each of Counts 1,2,3, and 5 to be served concurrently, for a total term of 42 months. The defendant is remanded to the custody of the United States Marshal. Super vised Release for a term of 5 years with standard conditions of supervision. This term consists of 5 years on each of Counts 1,2,3, and 5, all such terms to run concurrently. The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant

21:841A=CD.F CONTROLLED SUBSTANCE - SELL, DISTRIBUTE, OR DISPENSE - POSSESSION WITH INTENT TO DISTRIBUTE IN EXCESS OF 5 GRAMS OF COCAINE BASE. (5)

shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance. The defendant sh all refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer. The defendant shall not possess a firearm as defined in 18 U.S.C. 921. The defendant shall not possess any controlled substance of any kind other than those prescribed for him by a licensed physician for a legitimate medical purpose. The defendant shall participat e in a program of testing, and if necessary, treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall submit to one drug urinalysi s within 15 days after being placed on supervision and at least two periodic tests thereafter. Further, the defendant shall be required to contribute to the costs for any such treatment not to exceed an amount determined reasonable by the probation o fficer's sliding scale for substance abuse treatment services. Special Assessment of $400.00 to be paid in full immediately. No fine.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                          **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                                **Disposition**

None

**Plaintiff**

**UNITED STATES OF AMERICA**          represented by   **John J. Valkovci, Jr.**
United States Attorney's Office
Johnstown Division
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901
(814) 533-4547
Firm: (814) 533-4545
Email: john.valkovci@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/16/1997 | 1 | INDICTMENT as to LEE LEE DOVE (1) count(s) 1, 4, LEON MASSEY (2) count(s) 1, TYRAIL MICHAELS (3) count(s) 1, 2-3, 5 (tam) (Entered: 09/17/1997) |
| 09/16/1997 | 2 | Indictment Memorandum as to LEE LEE DOVE, LEON MASSEY, TYRAIL MICHAELS (tam) (Entered: 09/17/1997) |
| 09/16/1997 | | **Added Government Attorney John J. Valkovci Jr. (tam) (Entered: 09/17/1997) |
| 09/16/1997 | 3 | MOTION by USA as to LEE LEE DOVE, LEON MASSEY, TYRAIL MICHAELS for issuance of Arrest warrants with Proposed Order. (tam) (Entered: 09/17/1997) |
| 09/16/1997 | | ORDER upon motion granting [3-1] motion for issuance of Arrest warrants as to LEE LEE DOVE (1), LEON MASSEY (2), TYRAIL MICHAELS (3) (signed by Mag. Judge Keith A. Pesto on 09/16/97) CM all parties of record. (tam) (Entered: 09/17/1997) |
| 09/16/1997 | 4 | Request for Detention as to LEE LEE DOVE (tam) (Entered: 09/17/1997) |
| 09/16/1997 | 5 | Request for Detention as to LEON MASSEY (tam) (Entered: 09/17/1997) |
| 09/16/1997 | 6 | Request for Detention as to TYRAIL MICHAELS (tam) (Entered: 09/17/1997) |
| 09/17/1997 | | ARREST WARRANTS ISSUED as to LEE LEE DOVE, LEON MASSEY, and TYRAIL MICHAELS (tam) (Entered: 09/17/1997) |
| 09/17/1997 | 7 | Initial appearance and Arraignment as to LEE LEE DOVE set for 2:30 on 9/29/97 for LEE LEE DOVE before Mag. Judge Keith A. Pesto (tam) (Entered: 09/17/1997) |
| 09/17/1997 | 8 | Initial appearance and Arraignment as to LEON MASSEY set for 3:00 on 9/29/97 for LEON MASSEY before Mag. Judge Keith A. Pesto (tam) (Entered: 09/17/1997) |

| 09/17/1997 | 9 | Initial appearance and Arraignment as to TYRAIL MICHAELS set for 3:30 on 9/29/97 for TYRAIL MICHAELS before Mag. Judge Keith A. Pesto (tam) (Entered: 09/17/1997) |
| --- | --- | --- |
| 09/18/1997 | 10 | PETITION by USA for Writ of Habeas Corpus ad prosequendum as to LEE LEE DOVE (jjg) (Entered: 09/18/1997) |
| 09/18/1997 | 11 | PETITION by USA for Writ of Habeas Corpus ad prosequendum as to TYRAIL MICHAELS (jjg) (Entered: 09/18/1997) |
| 09/18/1997 | | ORDER upon petition granting [10-1] petition as to LEE LEE DOVE (1). Defendant Dove shall be produced before this Court on 09/29/97, at 2:30 p.m., for initial appearance and arraignment. (signed by Judge D. B. Smith on 09/18/97) CM all parties of record. (jjg) (Entered: 09/19/1997) |
| 09/18/1997 | | ORDER upon petition granting [11-1] petition as to TYRAIL MICHAELS (3). Defendant Michaels shall be produced before this Court on 09/29/97, at 3:30 p.m., for initial appearance and arraignment. (signed by Judge D. B. Smith on 09/18/97) CM all parties of record. (jjg) (Entered: 09/19/1997) |
| 09/19/1997 | | WRIT of Habeas Corpus ad Prosequendum issued as to LEE LEE DOVE for 09/29/97 (jjg) (Entered: 09/19/1997) |
| 09/19/1997 | | WRIT of Habeas Corpus ad Prosequendum issued as to TYRAIL MICHAELS for 09/29/97 (jjg) (Entered: 09/19/1997) |
| 09/19/1997 | 12 | PETITION by USA for Writ of Habeas Corpus ad prosequendum as to LEON MASSEY (jjg) (Entered: 09/19/1997) |
| 09/22/1997 | | ORDER upon motion granting [12-1] petition as to LEON MASSEY (2) (signed by Judge D. B. Smith on 09/19/97) CM all parties of record. (tam) (Entered: 09/22/1997) |
| 09/22/1997 | | WRIT of Habeas Corpus ad Prosequendum issued as to LEON MASSEY for 9/29/97 at 3:00 p.m. (tam) (Entered: 09/22/1997) |
| 09/29/1997 | 13 | Initial appearance, arraignment, and detention hearing as to LEE LEE DOVE held on 9/29/97 before Mag. Judge Keith A. Pesto [ Reporter: tape ] (Defendant informed of rights.) (jjg) (Entered: 09/29/1997) |
| 09/29/1997 | 14 | Initial appearance, arraignment, and detention hearing as to LEON MASSEY held on 9/29/97 before Mag. Judge Keith A. Pesto [ Reporter: tape ] (Defendant informed of rights.) (jjg) (Entered: 09/29/1997) |
| 09/29/1997 | 15 | Initial appearance, arraignment and detention hearing as to TYRAIL MICHAELS held on 9/29/97 before Mag. Judge Keith A. Pesto [ Reporter: tape ] (Defendant informed of rights.) (jjg) (Entered: 09/29/1997) |
| 09/29/1997 | | Certification and Notice for filing pretrial motions by LEE LEE DOVE, LEON MASSEY, and TYRAIL MICHAELS (with Document No. 1) (jjg) (Entered: 09/29/1997) |
| 09/29/1997 | | Arraignment as to LEE LEE DOVE, LEON MASSEY, and TYRAIL |

| | | MICHAELS held on 9/29/97 before Mag. Judge Keith A. Pesto [ Reporter: tape ] Defendants plead not guilty. ( with Document # 1 ) (jjg) (Entered: 09/29/1997) |
|---|---|---|
| 09/30/1997 | 16 | ORDER as to LEE LEE DOVE, LEON MASSEY, and TYRAIL MICHAELS that said defendants be detained pending trial. This order is without prejudice to any of defendants, through counsel, requesting an opportunity to present evidence or submit proposed conditions of pretrial release at any time. (signed by Mag. Judge Keith A. Pesto on 09/29/97) CM all parties of record. (jjg) (Entered: 09/30/1997) |
| 10/01/1997 | 17 | ORDER as to LEE LEE DOVE, LEON MASSEY, TYRAIL MICHAELS, Appointing Federal Public Defender to represent defendant MASSEY. Primary counsel to be Marketa Sims, Esq. for defendant MASSEY. William J. McCabe, Esq. is appointed to represent defendant Dove. Michael A. Filia, Esq. is appointed to represent defendant Michaels. (signed by Mag. Judge Keith A. Pesto on 09/29/97) CM all parties of record. (jjg) (Entered: 10/01/1997) |
| 10/01/1997 | | **Added for LEE LEE DOVE attorney William J. McCabe, for LEON MASSEY attorney Markete Sims, and for TYRAIL MICHAELS attorney Michael A. Filia (jjg) (Entered: 10/01/1997) |
| 10/02/1997 | 18 | MOTION by LEON MASSEY to Extend Time for filing pretrial motions with Proposed Order. (tam) (Entered: 10/03/1997) |
| 10/03/1997 | 19 | MOTION by LEE LEE DOVE to Extend Time for filing pretrial motions with Proposed Order. (tam) (Entered: 10/03/1997) |
| 10/06/1997 | 20 | MOTION by TYRAIL MICHAELS to Extend Time to file pre-trial motions with Proposed Order. (jjg) (Entered: 10/06/1997) |
| 10/07/1997 | 21 | ORDER as to LEE LEE DOVE, LEON MASSEY, TYRAIL MICHAELS granting [18-1] motion to Extend Time for filing pretrial motions as to LEON MASSEY (2), granting [19-1] motion to Extend Time for filing pretrial motions as to LEE LEE DOVE (1), granting [20-1] motion to Extend Time to file pre-trial motions as to TYRAIL MICHAELS (3); to Continue in Interests of Justice, Time excluded from 10/7/97 to 11/28/97 ; reset Pretrial Motion Filing deadline to 11/28/97 for LEE LEE DOVE, LEON MASSEY, and TYRAIL MICHAELS ; Government;s response to any pretrial motions shall be filed on or before 12/19/97. (signed by Judge D. B. Smith on 10/06/97) CM all parties of record. (jjg) (Entered: 10/08/1997) |
| 10/24/1997 | 22 | ARREST WARRANT Returned Executed as to LEON MASSEY on 9/29/97 (jjg) (Entered: 10/27/1997) |
| 10/24/1997 | 23 | ARREST WARRANT Returned Executed as to TYRAIL MICHAELS on 9/29/97 (jjg) (Entered: 10/27/1997) |
| 11/21/1997 | 24 | MOTION by LEON MASSEY to Extend Time for filing pretrial motions with Proposed Order. (jjg) (Entered: 11/24/1997) |
| 11/25/1997 | | ORDER upon motion granting [24-1] motion to Extend Time for filing |

| | | |
|---|---|---|
| | | pretrial motions as to LEON MASSEY (2); to Continue in Interests of Justice, Time excluded from 11/25/97 to 12/15/97 ; set Pretrial Motion Filing deadline to 12/15/97 for LEON MASSEY . (signed by Judge D. B. Smith on 11/24/97) CM all parties of record. (jjg) (Entered: 11/25/1997) |
| 12/01/1997 | 25 | Proposed Voir Dire Questions by TYRAIL MICHAELS (jjg) (Entered: 12/02/1997) |
| 12/01/1997 | 26 | MOTION by TYRAIL MICHAELS for Bill of Particulars with Proposed Order. (jjg) (Entered: 12/02/1997) |
| 12/01/1997 | 27 | MOTION by TYRAIL MICHAELS to Produce Evidence which the Government intends to use under Federal Rules of Evidence 404(b) and 609 with Proposed Order. (jjg) (Entered: 12/02/1997) |
| 12/05/1997 | 28 | Status conference as to LEON MASSEY held on 12/5/97 before Judge D. B. Smith [ Reporter: none ] (jjg) (Entered: 12/09/1997) |
| 12/19/1997 | 29 | MOTION by USA as to TYRAIL MICHAELS to Extend Time to respond to pretrial motions with Proposed Order. (jjg) (Entered: 12/19/1997) |
| 12/22/1997 | | ORDER upon motion granting [29-1] motion to Extend Time to respond to pretrial motions as to TYRAIL MICHAELS (3); further ordered that the United States' response to any pretrial motions shall be filed by 1/20/98 . (signed by Judge D. B. Smith on 12/22/97) CM all parties of record. (jjg) (Entered: 12/22/1997) |
| 12/29/1997 | 30 | Change of Plea Hearing as to LEE LEE DOVE, LEON MASSEY, TYRAIL MICHAELS set for 9:30 a.m. on 1/20/98, USDC, Courtroom A, First Floor, Penn Traffic Bldg., 319 Washington St., Johnstown, PA, before Judge D. B. Smith (jjg) (Entered: 12/30/1997) |
| 01/16/1998 | 31 | ARREST WARRANT Returned Executed as to LEE LEE DOVE on 9/29/97 (jjg) (Entered: 01/20/1998) |
| 01/20/1998 | 32 | Change of Plea Hearing as to LEON MASSEY held on 1/20/98 before Judge D. B. Smith [ Reporter: M. Cornelius ] Guilty plea entered as to Count 1. Plea letter made part of record (Johnstown only). Pre-Sentence report requested. Defendant remains in custody. (jjg) (Entered: 01/21/1998) |
| 01/20/1998 | 33 | Change of Plea Hearing as to LEE LEE DOVE held on 1/20/98 before Judge D. B. Smith [ Reporter: M. Cornelius ] Defendant claims his name is Leon Harris. Plea letter made part of record (Johnstown only). Guilty plea entered as to Counts 1 and 4. Pre-Sentence report requested. Defendant remains in custody. (jjg) (Entered: 01/21/1998) |
| 01/20/1998 | 34 | Change of Plea Hearing as to TYRAIL MICHAELS held on 1/20/98 before Judge D. B. Smith [ Reporter: M. Cornelius ] Defendant claims his name is Tyrail Harris. Plea Letter made part of record (Johnstown only). Defendant pleads guilty to counts 1,2,3 and 5. Pre-Sentence report requested. Defendant remains in custody. (jjg) (Entered: 01/21/1998) |
| | | |

| | | |
|---|---|---|
| 01/20/1998 | | CHANGE OF PLEA from Not Guilty to Guilty: LEE LEE DOVE (1) count(s) 1, 4, LEON MASSEY (2) count(s) 1, TYRAIL MICHAELS (3) count(s) 1, 2-3, 5; Terminated motions [27-1] motion to Produce Evidence which the Government intends to use under Federal Rules of Evidence 404(b) and 609 as to TYRAIL MICHAELS (3), [26-1] motion for Bill of Particulars as to TYRAIL MICHAELS (3) ; on 01/20/98 before Judge D.B. Smith, with Document No. 1 (jjg) (Entered: 01/21/1998) |
| 03/19/1998 | 35 | Sentencing Hearing set for 1:30 p.m. on 4/20/98, USDC, Courtroom A, First Floor, Penn Traffic Bldg., 319 Washington St., Johnstown, PA, for LEON MASSEY before Judge D. B. Smith as to count(s) 1 (jjg) (Entered: 03/23/1998) |
| 03/23/1998 | 36 | Sentencing Hearing set for 9:00 a.m. on 4/21/98 for LEE LEE DOVE before Judge D. B. Smith, USDC, Courtroom A, First Floor, Penn Traffic Bldg., 319 Washington St., Johnstown, PA, as to count(s) 1, 4 (jjg) (Entered: 03/24/1998) |
| 03/24/1998 | 37 | Sentencing Hearing set for 1:30 p.m. on 4/21/98 for TYRAIL MICHAELS before Judge D. B. Smith, USDC, Courtroom A, First Floor, Penn Traffic Bldg., 319 Washington St., Johnstown, PA, as to count(s) 1, 2-3, 5 (jjg) (Entered: 03/25/1998) |
| 03/27/1998 | 38 | Position by LEON MASSEY with respect to sentencing factors (tam) (Entered: 03/30/1998) |
| 03/30/1998 | 39 | Position with respect to sentencing factors as to LEE LEE DOVE. (tam) (Entered: 03/30/1998) |
| 03/30/1998 | 40 | Position with respect to sentencing factors as to LEON MASSEY (tam) (Entered: 03/30/1998) |
| 04/03/1998 | 41 | MEMORANDUM by LEON MASSEY in mitigation of sentence. (jjg) (Entered: 04/06/1998) |
| 04/15/1998 | 42 | Position by USA with respect to sentencing factors as to TYRAIL MICHAELS (jjg) (Entered: 04/15/1998) |
| 04/20/1998 | 43 | MOTION by USA as to TYRAIL MICHAELS SEALED MOTION . (jjg) (Entered: 04/20/1998) |
| 04/20/1998 | 44 | MOTION by USA as to LEE LEE DOVE SEALED MOTION . (jjg) (Entered: 04/20/1998) |
| 04/21/1998 | 45 | Sentencing Hearing held on 4/20/98 before Judge D. B. Smith [ Reporter: S. Hall ] re: LEON MASSEY (2) count(s) 1. Sentence imposed. (jjg) (Entered: 04/21/1998) |
| 04/21/1998 | 46 | JUDGMENT as to LEON MASSEY (2) count(s) 1. Imprisonment for a total term of 92 months. This sentence is to be served concurrently with the sentence imposed by the Court of Common Pleas of Cambria County, Pennsylvania in August of 1997, and concurrency shall commence as of the effective date of the state court sentence. The court makes the |

|  |  | following recommendations to the Bureau of Prisons: That it make available to the defendant any and all drug treatment programs. The State Correctional Institution in Pittsburgh, Pennsylvania, is hereby recommended as the designated place of confinement for service of the concurrent portion of the instant sentence. The defendant is remanded to the custody of the United States Marshal. Supervised Release for a term of 4 years with standard conditions of supervision. The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer. The defendant shall not possess a firearm as defined in 18 U.S.C. 921. The defendant shall not possess any controlled substance of any kind other than those prescribed for him by a licensed physician for a legitimate medical purpose. The defendant shall participate in a program of testing, and if necessary, treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter. Further, the defendant shall be required to contribute to the costs for any such treatment not to exceed an amount determined reasonable by the probation officer's sliding scale for substance abuse treatment services. Special Assessment of $100.00 to be paid in full immediately. No fine. (signed by Judge D. B. Smith on 04/21/98) (jjg) (Entered: 04/21/1998) |
|---|---|---|
| 04/21/1998 | 47 | Sentencing Hearing held on 4/21/98 before Judge D. B. Smith [ Reporter: S. Hall ] re: LEE LEE DOVE (1) count(s) 1, 4. Sentence - committed for 42 months. (jjg) (Entered: 04/21/1998) |
| 04/21/1998 | 48 | JUDGMENT as to LEE LEE DOVE (1) count(s) 1, 4. Imprisonment for a total term of 42 months. This term consists of terms of 42 months on each of Counts 1 and 4, to run concurrently. The defendant is remanded to the custody of the United States Marshal. Supervised Release for a term of 5 years with standard conditions of supervision. This term consists of terms of 5 years on each of Counts 1 and 4, to run concurrently. The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer. The defendant shall not possess a firearm as defined in 18 U.S.C. 921. The defendant shall not possess any controlled substance of any kind other than those prescribed for him by a licensed physician for a legitimate purpose. The defendant shall participate in a drug aftercare treatment |

| | | |
|---|---|---|
| | | program under a co-payment plan which may include urine testing at the direction and discretion of the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter. Further, the defendant shall be required to contribute to the cost of services for any such treatment not to exceed an amount determined reasonable by the probation officer's sliding scale for substance abuse treatment services. Special Assessment of $200.00 to be paid in full immediately. No fine. (signed by Judge D. B. Smith on 04/21/98) (jjg) (Entered: 04/21/1998) |
| 04/21/1998 | 49 | Sentencing Hearing held on 4/21/98 before Judge D. B. Smith [ Reporter: S. Hall ] re: TYRAIL MICHAELS (3) count(s) 1, 2-3, 5. Sentence imposed - 42 months. (jjg) (Entered: 04/22/1998) |
| 04/21/1998 | 50 | JUDGMENT as to TYRAIL MICHAELS (3) count(s) 1, 2 -3 , 5. Imprisonment for a total term of 42 months. This term consists of terms of 42 months on each of Counts 1,2,3, and 5 to be served concurrently, for a total term of 42 months. The defendant is remanded to the custody of the United States Marshal. Supervised Release for a term of 5 years with standard conditions of supervision. This term consists of 5 years on each of Counts 1,2,3, and 5, all such terms to run concurrently. The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer. The defendant shall not possess a firearm as defined in 18 U.S.C. 921. The defendant shall not possess any controlled substance of any kind other than those prescribed for him by a licensed physician for a legitimate medical purpose. The defendant shall participate in a program of testing, and if necessary, treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter. Further, the defendant shall be required to contribute to the costs for any such treatment not to exceed an amount determined reasonable by the probation officer's sliding scale for substance abuse treatment services. Special Assessment of $400.00 to be paid in full immediately. No fine. (signed by Judge D. B. Smith on 04/21/98) (jjg) (Entered: 04/22/1998) |
| 04/21/1998 | | **Case closed as to LEE LEE DOVE, LEON MASSEY, TYRAIL MICHAELS (all defendants). (jjg) (Entered: 04/22/1998) |
| 04/29/1998 | 51 | CJA 24 as to LEON MASSEY, Authorization to Pay Francine Weber $13.50 for Transcript, Voucher # 6880702868 Check # 196969 (signed by Judge D. B. Smith on 04/13/98) (jjg) (Entered: 04/29/1998) |

| 04/30/1998 | 52 | WRIT of Habeas Corpus ad Prosequendum executed as to LEE LEE DOVE on 4/21/98 (jjg) (Entered: 05/01/1998) |
|---|---|---|
| 04/30/1998 | 53 | WRIT of Habeas Corpus ad Prosequendum executed as to LEON MASSEY on 4/21/98 (jjg) (Entered: 05/01/1998) |
| 04/30/1998 | 54 | WRIT of Habeas Corpus ad Prosequendum executed as to TYRAIL MICHAELS on 4/21/98 (jjg) (Entered: 05/01/1998) |
| 05/12/1998 | 55 | CJA 24 as to LEON MASSEY; Authorization to Pay Susan E. Kiniry $13.50 for Transcript. Voucher # 6880803073 Check # 197242 (signed by Judge D. B. Smith on 04/13/98) (jjg) (Entered: 05/12/1998) |
| 08/03/1998 | 56 | Judgment Returned Executed as to TYRAIL MICHAELS on 07/20/98 (jjg) (Entered: 08/04/1998) |
| 09/02/1998 | 57 | Judgment Returned Executed as to LEE LEE DOVE on 08/12/98 (jjg) (Entered: 09/03/1998) |
| 09/14/1998 | 58 | CJA 20 - Authorization to pay William J. McCabe for defendant LEE LEE DOVE, Amount: $ 1,373.50 Voucher # 0846342 Check # 72182477 (signed by Judge D. B. Smith on 05/08/98) (jjg) (Entered: 09/15/1998) |
| 09/14/1998 | 59 | CJA 20 - Authorization to pay Michael A. Filia for defendant TYRAIL MICHAELS, Amount: $ 1,568.00 Voucher # 0846378 Check # 72190009 (signed by Judge D. B. Smith on 06/05/98) (jjg) (Entered: 09/15/1998) |
| 02/22/2001 | 60 | PETITION on Supervised Release filed by Probation Office as to TYRAIL MICHAELS requesting that the term of supervision be modified with Proposed Order. (jjg) (Entered: 02/23/2001) |
| 03/02/2001 | | ORDER upon petition granting [60-1] probation petition as to TYRAIL MICHAELS (3); term of supervision is modified to include a special condition requiring residence at the Community Corrections Center, until released by the program director, for a period not to exceed 150 days. (signed by Judge D. B. Smith on 03/01/01) CM all parties of record. (jjg) (Entered: 03/05/2001) |
| 05/04/2001 | 61 | PETITION on Supervised Release filed by Probation Office as to TYRAIL MICHAELS requesting that the Court order a bench warrant be issued for the arrest of the supervised releasee for alleged violaiton of supervision with Proposed Order. (jjg) (Entered: 05/04/2001) |
| 05/09/2001 | | ORDER upon petition granting [61-1] probation petition as to TYRAIL MICHAELS (3); further ordered that a bench warrant be issued for the arrest of the supervised releasee for alleged violation of supervision and that bond be set at $10,000. (signed by Judge D. B. Smith on 05/09/01) CM all parties of record. (jjg) (Entered: 05/10/2001) |
| 05/10/2001 | | BENCH WARRANT issued as to TYRAIL MICHAELS (jjg) (Entered: 05/10/2001) |
| 07/03/2001 | 62 | SUPPLEMENTAL PETITION on Supervised Release filed by Probation |

| | | Office as to TYRAIL MICHAELS requesting that the court will order that the alleged violations of supervision be incorporated as part of the Petition Action previously made a part of the record in this case on 5/9/01 with Proposed Order. (jjg) (Entered: 07/03/2001) |
|---|---|---|
| 07/13/2001 | | ORDER upon petition granting [62-1] probation petition as to TYRAIL MICHAELS (3); further ordered that the alleged violations of supervision be incorporated as part of the Petition Action previously made a part of the record on 5/9/01; and as more fully stated in said Petition. (signed by Judge D. B. Smith on 07/13/01) CM all parties of record. (jjg) (Entered: 07/13/2001) |
| 07/19/2001 | 63 | PETITION on Supervised Release filed by Probation Office as to LEE LEE DOVE requesting that the Court will order that a warrant be issued for the supervised releasee for the alleged violations of supervision with Proposed Order. (jjg) (Entered: 07/19/2001) |
| 07/20/2001 | | ORDER upon petition granting [63-1] probation petition as to LEE LEE DOVE (1); further ordered that a warrant be issued for the supervised releasee for the alleged violations of supervision and that bond be set at $10,000.00. (signed by Judge D. B. Smith on 07/19/01) CM all parties of record. (jjg) (Entered: 07/20/2001) |
| 07/20/2001 | | ARREST WARRANT issued as to LEE LEE DOVE (jjg) (Entered: 07/20/2001) |
| 07/26/2001 | 64 | PETITION on Supervised Release filed by Probation Office as to LEE LEE DOVE requesting that the Court will order that the warrant issued on Lee L. Dove be withdrawn and the supervised release term be continued with Proposed Order. (jjg) (Entered: 07/26/2001) |
| 07/30/2001 | | ORDER upon petition granting [64-1] probation petition as to LEE LEE DOVE (1); further ordered that the warrant issued on Lee L. Dove is withdrawn and the supervised release term is continued. (signed by Judge D. B. Smith on 07/30/01) CM all parties of record. (jjg) (Entered: 07/31/2001) |
| 09/18/2001 | 65 | ORDER as to TYRAIL MICHAELS that this matter is referred pursuant to 28 U.S.C. 636(b)(1)(B) to Magistrate Judge Keith A. Pesto to conduct the preliminary hearing required by FRCP 32.1(a)(1); and as more fully stated in said Order. (signed by Judge D. B. Smith on 09/18/01) CM all parties of record. (jjg) (Entered: 09/18/2001) |
| 09/18/2001 | 66 | Preliminary hearing as to TYRAIL MICHAELS set for 10:00 a.m. on 9/26/01 before Mag. Judge Keith A. Pesto, USDC, Courtroom B, Penn Traffic Bldg., 319 Washington St., Johnstown, PA. (jjg) (Entered: 09/18/2001) |
| 09/28/2001 | 67 | Preliminary hearing as to TYRAIL MICHAELS held on 9/26/01 before Mag. Judge Keith A. Pesto [ Reporter: tape ] Violations admitted. Revocation hearing recommendation - government 10 months, 3 years, payment of special assessment. (jjg) (Entered: 09/28/2001) |

| 09/28/2001 | 68 | REPORT AND RECOMMENDATION of Mag. Judge Keith A. Pesto signed on 09/28/01 as to TYRAIL MICHAELS recommending that the defendant be found in violation of the conditions of supervised release, and that the Court schedule the sentencing of defendant at its earliest convenience. The parties have 10 days from the date of service to file objections to this Report and Recommendation. (jjg) (Entered: 09/28/2001) |
|---|---|---|
| 10/09/2001 | 69 | Satisfaction of Judgment as to Special Assessment by TYRAIL MICHAELS (jjg) (Entered: 10/10/2001) |
| 10/12/2001 | 70 | Sentencing Hearing set for 9:45 a.m. on 11/6/01 for TYRAIL MICHAELS before Judge D. B. Smith, USDC, Courtroom A, First Floor, Penn Traffic Bldg., 319 Washington St., Johnstown, PA, re: violation of supervised release. (jjg) (Entered: 10/15/2001) |
| 10/25/2001 | 71 | Re-Sentencing Hearing rescheduled for 10:45 a.m. on 11/6/01 for TYRAIL MICHAELS before Judge D. B. Smith, Johnstown, PA. (jjg) (Entered: 10/26/2001) |
| 11/06/2001 | 72 | Re-Sentencing Hearing held on 11/6/01 before Judge D. B. Smith [ Reporter: P. Sherman ] re: TYRAIL MICHAELS (3) count(s) 1, 2-3, 5. Defendant is resentenced to 4 months of imprisonment and 54 months on supervised release. (jjg) (Entered: 11/06/2001) |
| 11/06/2001 | 73 | ORDER as to TYRAIL MICHAELS that the supervised release heretofore imposed on the said defendant is revoked. Further ordered that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of four (4) months and to be given credit for time scrved to date. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of fifty-four (54) months. In addition to the standard conditions of supervision and in addition to the special conditions of supervision imposed by my sentencing order of 4/21/98, the defendant shall be subject to the following special conditions: he shall successfully complete any drug treatment program required by his probation officer. In all other respects not inconsistent with the instant order, the terms of the sentencing order dated 4/21/98 shall remain in force and effect. (signed by Judge D. B. Smith on 11/06/01) CM all parties of record. (jjg) (Entered: 11/06/2001) |
| 11/14/2001 | 74 | TRANSCRIPT of Resentencing as to TYRAIL MICHAELS for date of 11/06/01 Reporter: Patricia Sherman (jjg) (Entered: 11/15/2001) |
| 03/05/2002 | 75 | CJA 20 - Authorization to pay Michael A. Filia for defendant TYRAIL MICHAELS, Amount: $506.25 Voucher # 020222000073 Check # 72582378 (signed by Judge D. B. Smith on 02/19/02) (jjg) (Entered: 03/06/2002) |
| 04/11/2002 | 76 | PETITION on Supervised Release filed by Probation Office as to TYRAIL MICHAELS requesting that the Court order a bench warrant be issued for the supervised releasee for alleged violations of supervision and that bond be set in the amount of $15,000.00, with Proposed Order. (jjg) (Entered: 04/12/2002) |

| 04/11/2002 | | ORDER upon petition granting [76-1] probation petition as to TYRAIL MICHAELS (3); and as more fully stated in said petition. (signed by Judge D. B. Smith on 04/11/02) CM all parties of record. (jjg) (Entered: 04/12/2002) |
| 04/12/2002 | | ARREST WARRANT issued as to TYRAIL MICHAELS (jjg) (Entered: 04/12/2002) |
| 06/18/2002 | 77 | PETITION on Supervised Release filed by Probation Office as to LEE LEE DOVE requesting that the Court will order the supervised releasee to appear in Federal Court to show cause why supervision should not be revoked, with Proposed Order. (jjg) (Entered: 06/20/2002) |
| 07/09/2002 | | ORDER upon petition granting [77-1] probation petition as to LEE LEE DOVE (1); Supervised Releasee shall appear in Federal Court, Courtroom A, Penn Traffic Bldg., 319 Washington St., Johnstown, PA, with legal counsel on 8/5/02 at 10:00 a.m. to show cause why supervision should not be revoked . (signed by Judge D. B. Smith on 07/02/02) CM all parties of record. (jjg) (Entered: 07/10/2002) |
| 08/05/2002 | 78 | Supervised Release Violation hearing as to LEE LEE DOVE held on 8/5/02 before Judge D. B. Smith [ Reporter: S. Hall ] Defendant failed to appear. Court directs a bench warrant be issued. (jjg) (Entered: 08/06/2002) |
| 08/05/2002 | 79 | ORDER as to LEE LEE DOVE that the Clerk issue a bench warrant for the arrest of said defendant. (signed by Judge D. B. Smith on 08/05/02) CM all parties of record. (jjg) (Entered: 08/06/2002) |
| 08/06/2002 | | ARREST WARRANT issued as to LEE LEE DOVE (jjg) (Entered: 08/06/2002) |
| 08/13/2002 | 80 | Initial appearance as to LEE LEE DOVE held on 8/13/02 before Magistrate Judge Francis X. Caiazza [ Reporter: tape ] (Defendant informed of rights.) (jjg) (Entered: 08/15/2002) |
| 08/13/2002 | 81 | CJA 23 FINANCIAL AFFIDAVIT by LEE LEE DOVE (jjg) (Entered: 08/15/2002) |
| 08/13/2002 | 82 | Supervised Release Violation hearing as to LEE LEE DOVE set for 10:00 a.m. on 8/19/02 before Mag. Judge Keith A. Pesto, USDC, Courtroom B, First Floor, Penn Traffic Bldg., 319 Washington St., Johnstown, PA. (jjg) (Entered: 08/15/2002) |
| 08/14/2002 | 83 | Supervised Release Violation hearing as to LEE LEE DOVE rescheduled for 10:00 a.m. on 8/20/02 before Mag. Judge Keith A. Pesto, USDC, Courtroom B, First Floor, Penn Traffic Bldg., 319 Washington St., Johnstown, PA. (jjg) (Entered: 08/15/2002) |
| 08/14/2002 | 84 | ORDER as to LEE LEE DOVE that bond in the amount of $25,000.00 cash or surety is imposed upon said defendant; further ordered that said defendant is to be remanded to the custody of the U.S. Marshal until the posting of the bond. (signed by Judge D. B. Smith on 08/14/02) CM all parties of record. (jjg) (Entered: 08/15/2002) |

| 08/15/2002 | 85 | CJA 20 as to LEE LEE DOVE: Appointment of Attorney William J. McCabe, Esq. (signed by Magistrate Judge Francis X. Caiazza on 08/15/02) (jjg) (Entered: 08/16/2002) |
|---|---|---|
| 08/20/2002 | 86 | Probable Cause Hearing as to LEE LEE DOVE held on 8/20/02 before Mag. Judge Keith A. Pesto [ Reporter: tape ] Defendant stands committed. (jjg) (Entered: 08/20/2002) |
| 08/30/2002 | 87 | ORDER as to LEE LEE DOVE that 1. The defendant, Lee L. Dove, be released into the custody of the U.S. Probation office for the Western District of PA on 09/04/02, in order to be transported to Gateway Rehabilitation Center; 2. That the defendant, Lee L. Dove, report no later than 09/04/02, to the Gateway Rehabilitation Center in Aliquippa, Pa, for a 28 day, in-patient drug rehabilitation program; 3. That upon the defendant's successful completion of the 28 day in-patient program, this Court strongly recommends that he be placed in the Rutter House, a drug rehabilitation half-way house; 4. That the defendant, Lee L. Dove, participate in and successfully complete and and all drug aftercare programs as directed by his probation Officer, including urinalysis testing; 5. That any further action on the Petition on Supervised Release, filed by the Probation Office on 6/18/02, shall be held in abeyance pending the defendant's successful completion of the 28 day in-patient drug rehabilitation program and any aftercare programs; 6. That all other terms and conditions of supervised release imposed by this Court on 4/21/98, shall remain in effect, and the supervised release expiration date is to remain the same. (signed by Mag. Judge Keith A. Pesto on 08/30/02) CM all parties of record. (jjg) (Entered: 08/30/2002) |
| 09/09/2002 | 88 | ARREST WARRANT Returned Executed as to LEE LEE DOVE on 8/13/02. (jjg) (Entered: 09/12/2002) |
| 11/05/2002 | 89 | Judgment Returned Executed as to LEON MASSEY on 04/20/98 (jjg) (Entered: 11/05/2002) |
| 11/15/2002 | 90 | PETITION on Supervised Release filed by Probation Office as to LEE LEE DOVE requesting that the Court will order that the alleged violations of supervision cited in said petition be incorporated as part of the Petition Action previously made part of the records in said case on 7/2/02 and that the Court will order that a bench warrant be issued for the arrest of the supervised releasee for alleged violations of supervision and that bond be set at $10,000.00 surety, with Proposed Order. (jjg) (Entered: 11/19/2002) |
| 11/19/2002 | | ORDER upon petition granting [90-1] probation petition as to LEE LEE DOVE (1); and as more fully stated in said petition. (signed by Mag. Judge Keith A. Pesto on 11/19/02) CM all parties of record. (jjg) (Entered: 11/19/2002) |
| 11/19/2002 | | ARREST WARRANT issued as to LEE LEE DOVE (jjg) (Entered: 11/19/2002) |
| 11/21/2002 | 91 | CJA 20 - Authorization to pay William J. McCabe for defendant LEE LEE DOVE, Amount: $ 558.00, Voucher # 021023000114, Check # |

| | | |
|---|---|---|
| | | 72643244 (signed by Judge William L. Standish on 10/07/02) (jjg) (Entered: 11/25/2002) |
| 01/17/2003 | 92 | CJA 20 as to LEE LEE DOVE: Appointment of Attorney William J. McCabe, Esq. (signed by Mag. Judge Ervin S. Swearingen on 01/17/03) (jjg) (Entered: 01/21/2003) |
| 01/17/2003 | 93 | Initial appearance as to LEE LEE DOVE held on 1/17/03 before Mag. Judge Ervin S. Swearingen [ Reporter: tape ] Defendant provided with a copy of the charges. Temporary Commitment issued. Detention Hearing and Supervised Release Violation Hearing set for 01/30/03 at 11:00 before Magistrate Judge Keith Pesto, Johnstown, PA. (jjg) (Entered: 01/21/2003) |
| 01/17/2003 | 94 | ORDER OF TEMPORARY DETENTION as to LEE LEE DOVE. Detention Hearing set for 11:00 a.m. on 1/30/03 for LEE LEE DOVE before Magistrate Judge Keith Pesto, Penn Traffic Bldg., 319 Washington St., Johnstown, PA. (signed by Mag. Judge Ervin S. Swearingen on 01/17/03) CM all parties of record. (jjg) (Entered: 01/21/2003) |
| 01/17/2003 | | Supervised Release Violation hearing as to LEE LEE DOVE set for 11:00 a.m. on 1/30/03 before Mag. Judge Keith A. Pesto (with Document No. 93) (jjg) (Entered: 01/21/2003) |
| 01/30/2003 | | CASE reassigned to Judge Joy F. Conti (jjg) (Entered: 01/30/2003) |
| 01/30/2003 | 95 | Supervised Release Violation hearing as to LEE LEE DOVE held on 1/30/03 before Mag. Judge Keith A. Pesto [ Reporter: tape ] Defendant found in violation of standard condition #2, not in violation of #6, and in violation of special condition (drug aftercare). Afterwards, counsel and defendant stipulated to appropriate revocation sentence at 6 months, no supervised release. Judge Conti drawn as judge. (jjg) (Entered: 01/30/2003) |
| 01/31/2003 | 96 | REPORT from Magistrate Judge Pesto to Judge Conti as to LEE LEE DOVE, re: Preliminary Supervised Release Hearing. (jjg) (Entered: 01/31/2003) |
| 01/31/2003 | 97 | ARREST WARRANT Returned Executed as to LEE LEE DOVE on 1/17/03. (jjg) (Entered: 02/03/2003) |
| 02/05/2003 | 98 | Supervised Release Violation hearing as to LEE LEE DOVE set for 2:00 p.m. on 2/20/03 before Judge Joy F. Conti, Courtroom 9, USPO & Courthouse, 7th Ave. & Grant St., Pittsburgh, PA. (jjg) (Entered: 02/06/2003) |
| 02/24/2003 | 99 | Violation of supervised release hearing held as to LEE LEE DOVE by Judge Joy F. Conti. Defendant sworn. Defendant admitted that he violated the conditions of supervised release. Defendant sentenced. (jjg) (Entered: 02/25/2003) |
| 02/24/2003 | 100 | JUDGMENT ON SUPERVISED RELEASE as to LEE LEE DOVE (1): Imprisonment for a total term of six (6) months. The court makes the |

| | | |
|---|---|---|
| | | following recommendations to the Bureau of Prisons: Recommends Defendant gets credit for one month served. Placed in prison close to family. Defendant is remanded to the custody of the U.S. Marshal. Supervised Release for a term of two (2) years with standard and special conditions of supervision; as more fully stated in said judgment. Special Assessment of $100.00. (signed by Judge Joy F. Conti on 02/20/03) (jjg) (Entered: 02/25/2003) |
| 02/28/2003 | 101 | ORDER as to LEE LEE DOVE, LEON MASSEY, TYRAIL MICHAELS that documents 43 & 44 shall remain sealed for the next 20 years. (signed by Mag. Judge Keith A. Pesto on 02/27/03) CM all parties of record. (jjg) (Entered: 03/03/2003) |
| 03/06/2003 | 103 | TRANSCRIPT of Supervised Release Hearing as to LEE LEE DOVE for date of 02/20/03. Reporter: Michael D. Powers (jjg) (Entered: 04/25/2003) |
| 04/04/2003 | 102 | CJA 20 - Authorization to pay William J. McCabe for defendant LEE LEE DOVE, Amount: $792.00 Voucher # 030319000114 Check # 72705165 (signed by Judge Joy F. Conti on 03/19/03) (jjg) (Entered: 04/07/2003) |
| 06/10/2003 | 104 | PETITION on Supervised Release filed by Probation Office as to TYRAIL MICHAELS requesting that the Court order the alleged violation of supervision cited in said petition be incorporated as part of the Petition Action previously made part of the record in said case on 04/11/02, and that the supervised releasee appear in Federal Court on 07/18/03 at 2:00 p.m. to show cause why supervision should not be revoked, with Proposed Order. (jjg) (Entered: 06/12/2003) |
| 06/10/2003 | | ORDER upon petition granting [104-1] probation petition as to TYRAIL MICHAELS (3); further ordered that the alleged violation of supervision cited in said petition is incorporated as part of the Petition Action previously made part of the record in said case on 04/11/02, and the supervised releasee shall appear in Federal Court, Courtroom No. 8, 9th Floor, U.S. Courthouse, Pittsburgh, PA, with legal counsel, on 07/18/03 at 2:00 p.m. to show cause why spervision should not be revoked. (signed by Judge Gary L. Lancaster on 06/06/03) CM all parties of record. (jjg) (Entered: 06/12/2003) |
| 06/26/2003 | 105 | MOTION by USA as to TYRAIL MICHAELS for continuance with Proposed Order. (jjg) (Entered: 06/26/2003) |
| 07/01/2003 | | ORDER upon motion granting [105-1] motion for continuance as to TYRAIL MICHAELS (3); reset Show Cause Hearing for 1:30 p.m. on 7/25/03 . (signed by Judge Gary L. Lancaster on 07/01/03) CM all parties of record. (jjg) (Entered: 07/02/2003) |
| 07/03/2003 | 106 | PETITION by USA for Writ of Habeas Corpus ad prosequendum as to TYRAIL MICHAELS with proposed order. (jjg) (Entered: 07/03/2003) |
| 07/07/2003 | 107 | PETITION on Supervised Release filed by Probation Office as to LEE LEE DOVE requesting that the Court order a warrant be issued for the |

| | | supervised releasee for the alleged violation of supervision and that bond be set at $10,000.00 with Proposed Order. (jjg) (Entered: 07/10/2003) |
|---|---|---|
| 07/09/2003 | | ORDER upon petition granting [107-1] probation petition as to LEE LEE DOVE (1). A warrant shall be issued for the supervised releasee for the alleged violation of supervision and bond shall be set at $10,000.00. (signed by Judge Joy F. Conti on 07/08/03) CM all parties of record. (jjg) (Entered: 07/10/2003) |
| 07/10/2003 | | ARREST WARRANT issued as to LEE LEE DOVE (jjg) (Entered: 07/10/2003) |
| 07/15/2003 | | ORDER upon petition granting [106-1] petition as to TYRAIL MICHAELS (3). Defendant shall be produced before this court in Pittsburgh, PA on 07/25/03. (signed by Judge Gary L. Lancaster on 07/09/03) CM all parties of record. (jjg) (Entered: 07/16/2003) |
| 07/15/2003 | | WRIT of Habeas Corpus ad Prosequendum issued as to TYRAIL MICHAELS for 07/25/03 (jjg) (Entered: 07/16/2003) |
| 07/28/2003 | 108 | Violation of supervised release hearing held as to TYRAIL MICHAELS by Judge Joy F. Conti [ Reporter: Michael Powers ] Warren Johnston - Probation Officer. Exhibit 1 - Compilation of Tyrail Michaels criminal charges. Defendant does not contest violations. Defendant's attorney asks for low end of guidelines. AUSA argues for strictest sentence available. Defendant speaks for himself. Supervised Release is revoked. Sentence to imprisonment of 21 months served consecutive to current sentence defendant is serving. (jjg) (Entered: 07/29/2003) |
| 07/29/2003 | 109 | WRIT of Habeas Corpus ad Prosequendum executed as to TYRAIL MICHAELS on 7/25/03. (jjg) (Entered: 07/30/2003) |
| 07/31/2003 | 110 | JUDGMENT (For Revocation of Probation or Supervised Release) as to TYRAIL MICHAELS. Imprisonment for a term of 21 months to be served consecutively to any sentence defendant is serving. Defendant is remanded to the custody to the U.S. Marshal. (signed by Judge Joy F. Conti on 07/31/03) (jjg) (Entered: 08/01/2003) |
| 09/16/2003 | 111 | CJA 20 as to TYRAIL MICHAELS: Appointment of Attorney Michael A. Filia (signed by Mag. Judge Keith A. Pesto on 9/16/03) (dlg) (Entered: 09/19/2003) |
| 10/29/2003 | 112 | CJA 23 FINANCIAL AFFIDAVIT by LEE LEE DOVE (jjg) (Entered: 11/03/2003) |
| 10/29/2003 | 113 | Initial appearance as to LEE LEE DOVE held on 10/29/03 before Mag. Judge Robert C. Mitchell [ Reporter: tape ] (Defendant informed of Supervised Release Violation Petition). (jjg) (Entered: 11/03/2003) |
| 10/30/2003 | 114 | CJA 20 as to LEE LEE DOVE: Appointment of Attorney William McCabe, Esq. (signed by Mag. Judge Robert C. Mitchell on 10/29/03) (jjg) (Entered: 11/03/2003) |
| 11/03/2003 | 115 | Supervised Release Violation hearing as to LEE LEE DOVE set for |

| | | |
|---|---|---|
| | | 11:30 a.m. on 11/7/03 before Judge Joy F. Conti, Courtroom 9, USPO & Courthouse, 7th Ave. & Grant St., Pittsburgh, PA. (jjg) (Entered: 11/03/2003) |
| 11/12/2003 | 116 | JUDGMENT on violation of Special Condition #4 of J&C of 02/20/03. Imprisonment for a total term of 18 months. Court recommends to the Bureau of Prisons that the defendant be placed in a prison in New York State as close to family as possible. Court also recommends if the defendant volunteers he be placed in the 500 hour drug program. Defendant is remanded to the custody of the U.S. Marshal. (signed by Judge Joy F. Conti on 11/07/03) (jjg) (Entered: 11/12/2003) |
| 11/14/2003 | 117 | MOTION by TYRAIL MICHAELS to have Probation Violation Time run concurrent with state sentence . (jjg) (Entered: 11/14/2003) |
| 01/08/2004 | 118 | CJA 20 - Authorization to pay William J. McCabe for defendant LEE LEE DOVE, Amount: $ 549.00, Voucher # 031202000045 Check # 72796538 (signed by Judge Joy F. Conti on 12/01/03) (jjg) (Entered: 01/09/2004) |
| 01/08/2004 | 119 | CJA 20 - Authorization to pay Michael A. Filia for defendant TYRAIL MICHAELS, Amount: $ 720.00, Voucher # 031215000069 Check # 72801455 (signed by Judge Joy F. Conti on 12/12/03) (jjg) (Entered: 01/09/2004) |
| 12/22/2004 | 120 | ORDER as to TYRAIL MICHAELS denying [117-1] motion to have Probation Violation Time run concurrent with state sentence as to TYRAIL MICHAELS (3) (signed by Judge Joy F. Conti on 12/22/04) CM all parties of record. (jjg) (Entered: 12/27/2004) |
| 05/18/2005 | 121 | PETITION on Supervised Release filed by Probation Office as to LEON MASSEY requesting that the Court will order that the releasee participate in the Bureau of Prison's Sanction Center Program, until released by the program review team, for a period not to exceed 90 days, with Proposed Order. (jjg) (Entered: 05/20/2005) |
| 05/18/2005 | 122 | Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision by LEON MASSEY (jjg) (Entered: 05/31/2005) |
| 05/26/2005 | | ORDER upon petition granting [121-1] probation petition as to LEON MASSEY (2); further ordered that the releasee participate in the Bureau of Prison's Sanction Center Program, until released by the program review team, for a period not to exceed 90 days. (signed by Judge Joy F. Conti on 05/24/05) CM all parties of record. (jjg) (Entered: 05/31/2005) |
| 02/28/2006 | 123 | Probation Jurisdiction Transferred to District of Columbia, Washington as to LEON MASSEY. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (jjg) (Entered: 03/07/2006) |