**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA,**

    **v.**                **Cr. No. 06-334 (TFH/JMF)**

**LEON MASSEY,**

  **Defendant.**

**REPORT AND RECOMMENDATION**

This defendant was convicted of conspiracy to distribute and possession with intent to distribute more than 5 grams of cocaine in the Western District of Pennsylvania. Supervision of the defendant's four year term of supervised release was transferred to this Court earlier this year.

The defendant has now been convicted, upon his plea of guilty, of attempted distribution of a controlled substance in a drug free zone and awaits sentencing in the Superior Court. He, of course, concedes that conviction. Since it is a felony conviction, a grade A violation, the recommended Guidelines range is 33 to 41 months but the statutory maximum is 36 months. I would recommend that the Court revoke his term of supervised release and sentence him to 36 months, to be served consecutively to the sentence that will be imposed in the Superior Court.

The police report pertaining to the crime to which the defendant pled guilty indicates that he sold drugs to an undercover officer. At the time, he was on supervised release for conspiring to sell drugs, and his case is therefore archetypical of the recidivism that haunts the American criminal justice system, particularly among drug offenders.[1]  The interests in retribution and

---

[1] http://www.ojp.usdoj.gov/bjs/reentry/recidivism.htm (67.5% of offenders re-arrested within three years of release from prison).

protecting the  community from the obvious danger the defendant's drug dealing presents warrant a severe sanction.

I am afraid that the information pertaining to the defendant's rehabilitation is hopeless. His conditions of supervised release were modified to require the defendant to live at the Ex-Convict's Community Correction Center but he smoked marijuana while he was there.  While there, he signed out to go to work at a supermarket but never went there.  He was then discharged from that program.  Since his discharge, he tested positive for marijuana on six occasions.  At one point, he was able to finish an employment program.  However, even though he was then able to secure work, he was ultimately fired for not showing up when he was supposed to.

At the hearing, the defendant contritely explained that he has gotten into so much trouble because he was anxious to please others rather than do what he was supposed to do.  Perhaps that is the beginning of the defendant's gaining some insight into his self-destructive behavior.  At this point, however, all that can be said is that he accomplished nothing during his term of supervised release; instead, he committed another drug-dealing felony and faces another serious sentence in the Superior Court.  He gives me no choice but to recommend the prison sentence that I have.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

September 29, 2006